# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| FELICIA ANDERSON | § § | |
| Plaintiffs, | § § | CIVIL ACTION FILE NO. 1:11-CV-3398 |
| v. | § § | |
| CITY OF ATLANTA, et al | § § | |
| Defendant. | § | |

## CITY DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S VERIFIED COMPLAINT

COMES NOW, Defendants City of Atlanta, and Officer Jeffrey A. Branum (hereby "City Defendants") and file their Answer to Verified Complaint and Affirmative Defenses in the above-referenced matter. City Defendants now file their answer and affirmative defenses as follows:

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

City Defendants assert that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

City Defendants assert that they took no action to deprive Plaintiff of any right, privilege, freedom or immunity secured by the Constitution and laws of the United States of America, the Constitution and laws of the State of Georgia, or the Charter and Code of Ordinances of the City of Atlanta.

## THIRD AFFIRMATIVE DEFENSE

City Defendants assert that they engaged in no custom, policy, pattern or practice that gave rise to a violation of Plaintiff's constitutional or statutory rights.

## FOURTH AFFIRMATIVE DEFENSE

Defendant City of Atlanta is not liable for the *ultra vires* acts of its officers and employees.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims against City Defendants are barred by the doctrine of sovereign and/or governmental immunity. City Defendants are entitled to sovereign and/or governmental immunity from Plaintiff's state law claims pursuant to O.C.G.A.§§ 36-33-1 and 36-33-3. City Defendants have not waived such immunity/immunities.

## SIXTH AFFIRMATIVE DEFENSE

Insofar as Plaintiff has been affected by the conduct of the City Defendants, said City Defendants' actions were reasonable, proper, and necessary under the

557954-1

circumstances and were taken in the good faith exercise of their duties and responsibilities imposed by law.

## SEVENTH AFFIRMATIVE DEFENSE

City Defendants are not liable for punitive damages, nor are any such damages warranted in this case.

## EIGHTH AFFIRMATIVE DEFENSE

Any injury to Plaintiff resulted from Plaintiff's own acts.

## NINTH AFFIRMATIVE DEFENSE

Any injury to Plaintiff was not proximately caused by the conduct of City Defendants.

## TENTH AFFIRMATIVE DEFENSE

City Defendants are not liable under the theory of *respondeat superior* for the acts and/or omissions of its employees, officers or agents.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant Branum is entitled to qualified immunity from Plaintiff's claims.

## TWELFTH AFFIRMATIVE DEFENSE

Defendant Branum is entitled to official immunity from Plaintiff's state law claims.

## JURISDICTION AND VENUE

1.

City Defendants state that paragraph 1 contains a legal conclusion requiring no response by City Defendants. To the extent that the legal recitations are intended to imply or impute liability upon City Defendants, the same are denied.

## PARTIES

2.

City Defendants states that paragraph 2 contains no factual allegations against City Defendants, therefore, no response by City Defendants is required.

3.

City Defendants admit the first and second sentences of paragraph 3. City Defendants deny the remainder of paragraph 3.

4.

City Defendants admit the first sentence of paragraph 4 of Plaintiff's Complaint. City Defendants further state that the remainder of paragraph 4 contains a legal conclusion requiring no response by City Defendants. To the extent that the legal recitations are intended to imply or impute liability upon City Defendants, the same are denied.

## FACTUAL ALLEGATIONS

5.

City Defendants deny the allegations contained in paragraph 5.

6.

City Defendants admit that during the execution of the warrant at 1620 Westwood Avenue, all officers present were wearing official police uniforms but state that all officers had badges clearly visible. City Defendants further state that the remainder of paragraph 6 contains no factual allegations against City Defendants, therefore, no response by City Defendants is required. To the extent allegations contained in the remainder of paragraph 6 are intended to impute liability upon City Defendants, the same are denied.

7.

City Defendants state that paragraph 7 contains no factual allegations against City Defendants, therefore, no response by City Defendants is required. To the extent allegations contained in paragraph 7 are intended to impute liability upon City Defendants, the same are denied.

8.

City Defendants deny the allegations contained in the last sentence of paragraph 8. City Defendants further state that the remainder of paragraph 8 contains no factual allegations against City Defendants, therefore, no response by

557954-1

City Defendants to the remainder of paragraph 8 is required. To the extent allegations contained in the remainder of paragraph 8 are intended to impute liability upon City Defendants, the same are denied.

9.

City Defendants deny the allegations contained in paragraph 9.

10.

City Defendants deny the allegations contained in paragraph 10.

11.

City Defendants deny the allegations contained in paragraph 11.

12.

City Defendants admit that Officer Branum requested that Plaintiff produce an identification card and that she produced an out-of-state identification card. City Defendants deny the remainder of paragraph 12.

13.

City Defendants deny the allegations contained in paragraph 13.

14.

City Defendants deny the allegations contained in paragraph 14.

15.

City defendants admit the allegations contained in paragraph 15.

16.

City Defendants state that paragraph 16 contains no factual allegations against City Defendants, therefore, no response by City Defendants is required. To the extent allegations contained in paragraph 16 are intended to impute liability upon City Defendants, the same are denied.

17.

City Defendants deny the allegations contained in the first sentence of paragraph 17. City Defendants further state that the second sentence of paragraph 17 contains a legal conclusion requiring no response by City Defendants. To the extent that the legal recitations contained in the second sentence of paragraph 17 are intended to imply or impute liability upon City Defendants, the same are denied.

18.

City Defendants state that the first sentence of paragraph 18 contains a legal conclusion requiring no response by City Defendants. To the extent that the legal recitations contained in the first sentence of paragraph 17 are intended to imply or impute liability upon City Defendants, the same are denied. City Defendants deny the remainder of paragraph 18.

19.

City Defendants deny the allegations contained in paragraph 19.

20.

City Defendants deny the allegations contained in paragraph 20.

21.

City Defendants deny the allegations contained in paragraph 21.

22.

City Defendants deny the allegations contained in paragraph 22.

23.

City Defendants deny the allegations contained in paragraph 23.

24.

City Defendants deny the allegations contained in paragraph 24.

25.

City Defendants deny the allegations contained in paragraph 25.

26.

City Defendants deny the allegations contained in paragraph 26.

27.

City Defendants deny the allegations contained in paragraph 27.

28.

City Defendants deny the allegations contained in paragraph 28.

29.

City Defendants admit the allegations contained in the first and second sentences of paragraph 29. City Defendants deny the remainder of paragraph 29.

30.

City Defendants deny the allegations contained in paragraph 30.

31.

City Defendants deny the allegations contained in paragraph 31.

32.

City Defendants deny the allegations contained in paragraph 32.

33.

City Defendants state that the first sentence of paragraph 33 contains no factual allegations against City Defendants, therefore, no response by City Defendants is required. To the extent allegations contained in the first sentence of paragraph 33 are intended to imply or impute liability upon City Defendants, the same are denied. City Defendants admit the allegations contained in the remainder of paragraph 33.

34.

City Defendants deny the allegations contained in paragraph 34.

35.

City Defendants deny the allegations contained in paragraph 35.

36.

City Defendants deny the allegations contained in paragraph 36.

37.

City Defendants state that the first sentence of paragraph 37 contains no factual allegations against City Defendants, therefore, no response by City Defendants is required. To the extent allegations contained in the first sentence of paragraph 37 are intended to imply or impute liability upon City Defendants, the same are denied. City Defendants deny the remainder of paragraph 37.

38.

City Defendants state that paragraph 38 references public documents which speak for themselves. To the extent the allegations contained in paragraph 38 are intended to imply or impute liability upon City Defendants, the same are denied.

39.

City Defendants state that paragraph 39 references public documents which speak for themselves. To the extent the allegations contained in paragraph 39 are intended to imply or impute liability upon City Defendants, the same are denied.

40.

City Defendants state that paragraph 40 references public documents which speak for themselves. To the extent the allegations contained in paragraph 40 are intended to imply or impute liability upon City Defendants, the same are denied.

41.

City Defendants state that paragraph 41 contains no factual allegations against City Defendants, therefore, no response by City Defendants is required. To the extent allegations contained in paragraph 41 are intended to imply or impute liability upon City Defendants, the same are denied.

## **CLAIMS FOR RELIEF**

42.

City Defendants incorporate their responses to the preceding paragraphs by reference as it fully set forth herein.

43.

City Defendants state that the first and second sentences of paragraph 43 contain legal conclusions requiring no response by City Defendants. To the extent that the legal recitations contained in the first and second sentences of paragraph 43 are intended to imply or impute liability upon City Defendants, the same are denied. City Defendants deny the remainder of paragraph 43.

44.

City Defendants state that the first sentence of paragraph 44 contains a legal conclusion requiring no response by City Defendants. To the extent that the legal recitations contained in the first sentence of paragraph 44 are intended to imply or impute liability upon City Defendants, the same are denied. City Defendants deny the remainder of paragraph 44.

45.

City Defendants deny the allegations contained in paragraph 45.

46.

City Defendants deny the allegations contained in paragraph 46.

47.

City Defendants deny the allegations contained in paragraph 47.

48.

City Defendants deny the allegations contained in paragraph 48.

49.

City Defendants deny the allegations contained in paragraph 49.

50.

City Defendants deny the allegations contained in paragraph 50.

51.

City Defendants deny the allegations contained in paragraph 51.

52.

City Defendants deny the allegations contained in paragraph 52.

**WHEREFORE,** any other allegation contained in Plaintiff's Verified Complaint and any subparagraph or subpart, whether numbered or unnumbered, which is not specifically responded to in this Answer, is specifically denied by City Defendants deny that they are liable to Plaintiff in any manner or that Plaintiff is entitled to any relief as prayed for in paragraphs (A) through (E) of Plaintiffs' prayer.

**WHEREFORE**, having fully answered Plaintiff's Complaint within the time allowed by law, City Defendants respectfully request:

a. that all of Plaintiff's prayers for relief be denied;

b. that the action against her be dismissed;

c. that all costs incurred by City Defendants to defend this action be cast upon the Plaintiff; and

d. any such other relief as the Court deems proper.

## **CERTIFICATION**

Counsel for City Defendants certifies that this pleading has been prepared with Times New Roman font, 14 point, and therefore it complies with the requirements of L.R.5.1(C).

557954-1

Respectfully submitted this 14th day of October, 2011.

ROBERT N. GODFREY
Chief Counsel
Georgia Bar No. 298550

*s/Tamara N. Baines*
TAMARA N. BAINES
Assistant City Attorney
Georgia Bar No. 032460

Attorneys for City Defendants

City of Atlanta Law Department
68 Mitchell Street, SW, Suite 4100
Atlanta, GA 30303
(404) 330-6947 (telephone)
(404) 546-8366 (facsimile)

557954-1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| FELICIA ANDERSON, | § § | |
| Plaintiff, | § § | CIVIL ACTION FILE NO. 1:11-CV-3398 |
| v. | § § | |
| CITY OF ATLANTA, et al | § § | |
| Defendants. | § § | |

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on October 14, 2011, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all counsel of record.

              *s/Tamara N. Baines*
              TAMARA N. BAINES
              Assistant City Attorney
              Georgia Bar No. 032460

              Attorney for City Defendants

City of Atlanta Law Department
68 Mitchell Street, SW, Suite 4100
Atlanta, GA 30303
(404) 330-6947 (telephone)
(404) 546-8366 (facsimile)
tbaines@atlantaga.gov

557954-1