UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| FELICIA ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | 11-CV-3398-SCJ |
| vs. | ) | |
| | ) | |
| CITY OF ATLANTA, | ) | |
| OFFICER JEFFREY A. BRANUM, | ) | |
| in his individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |

**JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

**1. Description of Case:**

(a) Describe briefly the nature of this action.

This is an action for damages for the violations of the First and Fourth Amendment rights under the United States Constitution, corollary rights under the Georgia Constitution as well as state law claims. Plaintiff Felicia Anderson asserts that the City of Atlanta and Officer Jeffrey A. Branum violated her constitutional rights while she peaceably monitored and photographed police activity by approaching and arresting Anderson, seizing her camera, and damaging, deleting and/or altering images, and seeks to hold the Defendants responsible for the actions and policies that led to Plaintiff's injuries.

(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

PLAINTIFF'S STATEMENT OF FACTS:

On October 14, 2009, Felicia Anderson photographed several officers from the Atlanta Police Department ("APD") assaulting an individual who was handcuffed and lying on the floor of a driveway. Ms. Anderson lived across the street from where the assault took place and had come outside from her home when she heard a lot of shouting and yelling. Ms. Anderson's actions did not go unnoticed by the APD, however, and several officers confronted her about her photography including Officer Jeffrey Branum, a defendant herein.

Defendant Branum first demanded that Ms. Anderson turn over her cell phone to him. When Ms. Anderson refused, Branum forcibly grabbed the cell phone from Ms. Anderson's hands. Ms. Anderson became flustered by Branum's aggressive conduct and began to walk back to her home. While in this flustered state, Ms. Anderson dropped her camera in plain view of Branum and other APD officers. Branum quickly picked up the camera and began deleting pictures which Ms. Anderson had taken of the police beating. Several of Ms. Anderson's neighbors, who had also come outside in response to the police activity, witnessed Branum take Mr. Anderson's camera.

Branum then arrested Ms. Anderson on the following charges: no driver's license, pedestrian in a roadway, and disorderly conduct. These charges are in the process of being "bound over" from Atlanta Municipal Court to Fulton County State Court and have been so since December 16, 2009. Ms. Anderson believes these charges have been dead docketed.

The actions of Branum in deleting photos from Ms. Anderson's camera and in arresting her without probable or arguable probable cause were pursuant to a policy, custom and practice of the APD and City of Atlanta. Said policy encouraged police to seize the cameras and other recording devices of residents and to detain residents without any reasonable suspicion of criminal activity.

DEFENDANTS' STATEMENT OF FACTS:

On October 14, 2009, Sgt. Jeffrey Branum and several officers from the Atlanta Police Department ("APD") went to 1620 Westwood Avenue, Atlanta, Georgia to execute a search warrant. The Premises, located in a high crime area, presented several security risks (beyond the already high risk posed whenever officers execute a search warrant) to the officer due to a shooting the officers believed had occurred on the Premises shortly before the execution of the warrant. In attempting to minimize the risk to the officers and the public, the officers set up a perimeter around the house.

As the officers were attempting to execute the search warrant, one of the occupants climbed out of the window and fled the area. The officers then pursued the individual, who then attacked the officers in an attempt to thwart their efforts to effectuate a lawful arrest. The officers were nonetheless able to arrest the individual.

Once the officers returned to the premises and continued to execute the search warrant, Plaintiff darted out into the roadway and onto the Premises, breaching the perimeter the officers had created around the house. She then began to dart in and out of the roadway, taking pictures of the officers' securing the Premises. Sgt. Branum, the supervisor on the scene charged with ensuring the perimeter, requested that Plaintiff leave the perimeter. She refused. Sgt. Branum then repeated his request that Plaintiff leave the perimeter and Plaintiff still refused, continuing to run up to the officers securing the premises and snap photographs. Because Plaintiff was diverting the officers' attention away from securing the Premises, which not only posed a threat to the officers but to Plaintiff herself, Sgt. Branum continued to request that Plaintiff leave the Premises. Due to Plaintiff's continued refusal to comply with Sgt. Branum's requests, he arrested her.

(c) The legal issues to be tried are as follows:

**BY PLAINTIFFS:**

1.      Did Defendants violate Ms. Anderson's right to freedom of speech under the First and Fourteenth Amendments of the United States Constitution and Article I, Section I, Paragraphs V and IX of the Georgia Constitution when they forcibly confiscated Ms. Anderson's camera and deleted images from the camera?

2.      Did Defendants violate Ms. Anderson's right to be free from unreasonable searches and seizures in violation of the Fourth Amendment of the United States Constitution and Article I, Section I, Paragraphs I, VII, and XIII of the Georgia Constitution when they searched Ms. Anderson and then arrested her on charges of no driver's license, pedestrian in a roadway, and disorderly conduct?

3.      Did Defendants violate Georgia statutory law as proscribed under O.C.G.A. §§ 16-5-23, -41, -42, 51-7-20, -22, -40, 51-10-1, -3?

4.      Is Plaintiff entitled to compensatory and punitive damages as allowed by law?

5.      Is Plaintiff entitled to reasonable attorneys fees and costs as a prevailing party?

BY DEFENDANTS:

1. Whether Defendant Branum violated Plaintiff's constitutional rights?

2. Whether Defendant Branum violated state law?

3. Whether Defendant Branum is entitled to qualified immunity?

4. Whether Defendant Branum is entitled to official immunity?

5. Whether the City of Atlanta is liable to Plaintiff?

6. Whether Plaintiff is entitled to compensatory and/or punitive damages?

7. Whether Plaintiff is entitled to reasonable attorney's fees and, if so, how much?

(d) The cases listed below (include both style and action number) are:

(1) Pending Related Cases: None.

(2) Previously Adjudicated Related Cases: None.

**2**. This case is complex because it possesses one or more of the features listed below (please check):

__ (1) Unusually large number of parties
__ (2) Unusually large number of claims or defenses
__ (3) Factual issues are exceptionally complex
__ (4) Greater than normal volume of evidence
__ (5) Extended discovery period is needed
__ (6) Problems locating or preserving evidence

    __ (7) Pending parallel investigations or action by government
    __ (8) Multiple use of experts
    __ (9) Need for discovery outside United States boundaries
    __ (10) Existence of highly technical issues and proof
   _X_ (11) Unusually complex discovery of electronically stored information[1]

**3. Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

Plaintiff:

    Gerald Weber
    Southern Center for Human Rights
    83 Poplar Street, N.W.
    Atlanta, Georgia 30303
    wgerryweber@gmail.com
    (404) 688-1202

    Albert Wan
    Albert Wan, Attorney at Law
    1201 Peachtree Street NE
    400 Colony Square, Suite 200
    Atlanta, GA 30361
    albert@albertwanlaw.com
    (404) 872-7760

    Daniel Grossman
    Law Office of Daniel J. Grossman
    1579 Monroe Drive, Ste F-138
    Atlanta, GA 30324
    Dan@DanGrossmanLaw.com
    (404) 654-0326

---

[1] Defendants do not agree that this case is unusually complex.

Defendants:

> Tamara N. Baines, Esq.
> Eric Richardson, Esq.
> Robert Godfrey, Esq.
> City of Atlanta Department of Law
> 68 Mitchell Street
> Atlanta, Georgia 30303

**4. Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

___Yes _x_ No

If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

**5. Parties to This Action:**

(a) The following persons are necessary parties who have not been joined:

None.

(b) The following persons are improperly joined as parties:

None.

(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

None.

(d) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6. Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.

(a) List separately any amendments to the pleadings that the parties anticipate will be necessary:

None at this time.

(b) Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7. Filing Times For Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a) *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b) *Summary Judgment Motions:* within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c) *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) *Motions Objecting to Expert Testimony:* Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8. Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).

**9. Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court?

If so, please state the issues which could be addressed and the position of each party. Neither party requests a scheduling conference with the Court.

**10. Discovery Period:**

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed: individual liability, municipal liability and damages

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

At this time, the parties do not anticipate that additional time will be needed to conduct discovery.

**11. Discovery Limitation and Discovery of Electronically Stored Information:**

(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

No changes in the limitations on discovery are requested by either party at this time except that counsel for plaintiff may seek a court order under Rule 26(c) concerning the procedures by which discovery of electronically stored information is conducted in this litigation.

(b) Is any party seeking discovery of electronically stored information?

__x__ Yes ___ No

If "yes,"

(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

The parties discussed the sources and scope of production of electronically stored information during their Rule 26(f) conference which was held on October 24, 2011. Prior to this conference, counsel for plaintiff provided defense counsel

with information as to the subject areas of electronically stored information which Plaintiff intends to explore during discovery. Counsel for plaintiff have provided defense counsel with the following initial list of "subject areas" which plaintiff will explore during discovery:

(1) All records (e.g. evidence/property receipts) over the past two (2) years relating to confiscated cameras, video recorders, video/photo-mobile phones, and other recording devices;

(2) All police incident reports over the past two (2) years which discuss or make any mention of people photographing or recording officers, and/or of cameras, video recorders, video/photo-mobile phones, and other recording devices;

(3) All Atlanta Police Department ("APD") emails, memos, voicemails, reports, etc., over the past two (2) years which discuss or make any mention of people photographing or recording officers, and/or cameras, video recorders, video/photo-mobile phones, and other recording devices;

(4) All APD records concerning complaints made by civilians against APD officers, including those assigned to the RED DOG unit, which relate to allegations of unlawful, unprofessional or unconstitutional conduct by said officers in searching and/or seizing civilians without a proper, i.e., lawful, basis; and [2]

(5) All metadata information concerning any responsive documents, records, materials, etc., for which such information would be available, i.e., any document that was created through digital means or has a digital "footprint" of any kind.

---

[2] Defendants contend that records relating to the complaints made against Red Dog unit are irrelevant since Defendants do not believe that any Red Dog officers were involved in the execution of the search warrant at the Premises.

Counsel for plaintiff have requested but not yet received a response from defense counsel as to how defendants intend to search for electronically stored information pertaining to the above subject areas. Counsel for plaintiff have also asked that defense counsel share the above list with the Department of Information of Technology whose staff will ultimately be involved in assisting defense counsel with responding to plaintiff's discovery requests for electronically stored information.

Further, Defendants contend that they have not yet responded to Plaintiffs' request that they provide the manner by which they intend to search for electronically stored information pertaining to the above-referenced subject areas as (1) discovery had been stayed so that the parties could determine whether they could settle this matter and (2) Plaintiff had not sent any discovery requests to Defendants. As such, Defendants contend that Plaintiffs' request for the manner that Defendants intended to search for documents not yet requested was premature. Defendants' counsels have, however, sent to litigation hold letter to all parties, including the City's Department of Information Technology, that may be in possession of relevant information.

(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF

files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

Counsel for plaintiff have requested that all electronically stored information produced by defendants be in a format that is both readable and searchable by plaintiff without the need for specialized software. Counsel for plaintiff have also notified defense counsel of plaintiff's intention to seek metadata information for all electronically stored information that defendants produce in response to plaintiff's discovery requests. Plaintiff's counsel has supplied defense counsel with a list of sample "fields" which should be contained in any metadata information that is produced by defendants. No agreement has yet been reached between the parties as to any of these issues. The parties have not discussed the method by which electronically stored information would be produced.

**12. Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

Counsel for Plaintiff envision seeking a court order under Rule 26(c) establishing procedures concerning the discovery of electronically stored information.

**13. Settlement Potential:**

(a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on October 24, 2011, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

For plaintiff: Lead counsel (signature):  Gerald Weber, Esq.

Other participants: Albert Wan, Esq.

For defendant: Lead counsel (signature):  Robert N. Godfrey, Esq.

Other participants: Tamara N. Baines, Esq.

(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(____) A possibility of settlement before discovery.

(_X_) A possibility of settlement after discovery.

(____) A possibility of settlement, but a conference with the judge is needed.

(____) No possibility of settlement.

(c) Counsel (___) do or (_x_) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is _____, 20____.

(d) The following specific problems have created a hindrance to settlement of this case.  None.

**14. Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties (___) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this ___ day of _____, 20___.

(b) The parties ( x ) do not consent to having this case tried before a magistrate judge of this Court.

Respectfully submitted this 1st day of December, 2011.

/s Gerald Weber
Gerald Weber
(Georgia Bar No. 744878)

Southern Center for Human Rights
83 Poplar Street, N.W.
Atlanta, Georgia 30303
wgerryweber@gmail.com
(404) 688-1202

/s Albert Wan
Albert Wan
(Georgia Bar No. 334224)

17

Albert Wan, Attorney at Law
1201 Peachtree Street NE
400 Colony Square, Suite 200
Atlanta, GA 30361
albert@albertwanlaw.com
(404) 872-7760

/s Daniel J. Grossman
Daniel J. Grossman
(Georgia Bar No. 313815)

Law Office of Daniel J. Grossman
1579 Monroe Drive, Ste F-138
Atlanta, GA 30324
Dan@DanGrossmanLaw.com
(404) 654-0326

/s Tamara N. Baines
Attorney for Defendants
(Georgia Bar No. 032460)

Tamara Baines, Esq.
Eric Richardson, Esq.
Robert Godfrey, Esq.
Attorneys for Defendants
City of Atlanta Department of Law
68 Mitchell Street
Atlanta, Georgia 30303

**SCHEDULING ORDER**

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

IT IS SO ORDERED, this _____ day of _____, 20____.

_____
UNITED STATES DISTRICT JUDGE

## **CERTIFICATE OF SERVICE**

      I hereby certify that on December 1, 2011, I electronically filed the attached with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorney of record:

Tamara N. Baines
Attorney for Defendants Branum and City of Atlanta
City of Atlanta Department of Law
68 Mitchell Street
Atlanta, Georgia 30303

                                     /s Albert Wan, Esq.
                                       Albert Wan
                                       (Georgia Bar No. 334224)

Albert Wan, Attorney at Law
1201 Peachtree Street NE
400 Colony Square, Suite 200
Atlanta, GA 30361
albert@albertwanlaw.com
(404) 872-7760