UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FELICIA ANDERSON,       )
                               )
        Plaintiff,        )        Civil Action No.
                               )        11-CV-3398-SCJ
    vs.                  )
                               )
CITY OF ATLANTA,         )
OFFICER JEFFREY A. BRANUM,  )
in his individual capacity,    )
                               )
        Defendants.     )

## PLAINTIFF'S INITIAL DISCLOSURES

(1) State precisely the classification of the cause of action being filed, a brief factual outline of the case including Plaintiffs' contentions as to what Defendants did or failed to do, and a succinct statement of the legal issues in the case.

Classification of the Cause of Action:

This civil rights action arises under the authority vested in the Court by virtue of 28 U.S.C. §§ 1331, 1343(3) & 1367 and 42 U.S.C. §§ 1983, 1988.

Factual Outline:

On October 14, 2009, Felicia Anderson photographed several officers from the Atlanta Police Department assaulting an individual who was handcuffed and lying on the floor of a driveway.  Ms. Anderson lived across from the street from where the assault took place and had come outside from her home when she heard a lot of

shouting and yelling.  Ms. Anderson's actions did not go unnoticed by the APD,

however, and several officers confronted her about her photography including Officer

Jeffrey Branum, the defendant herein.

Defendant Branum first demanded that Ms. Anderson turn over her cell phone to

him.  When Ms. Anderson refused, Branum forcibly grabbed the cell phone from Ms.

Anderson's hands.  Ms. Anderson became flustered by Branum's aggressive conduct

and began to walk back to her home.  While in this flustered state, Ms. Anderson

dropped her camera in plain view of Branum and other APD officers.  Branum quickly

picked up the camera and began deleting pictures which Ms. Anderson had taken of the

police beating.  Several of Ms. Anderson's neighbors, who had also come outside in

response to the police activity, witnessed Branum take Mr. Anderson's camera.

Branum then arrested Ms. Anderson on the following charges: no driver's license,

pedestrian in a roadway, and disorderly conduct.  These charges are in the process of

being "bound over" from Atlanta Municipal Court to Fulton County State Court and

have been so since December 16, 2009.  Ms. Anderson believes these charges have been

dead docketed.

The actions of Branum in deleting photos from Ms. Anderson's camera and in

arresting her without probable or arguable probable cause were pursuant to a policy,

custom and practice of the APD and City of Atlanta.  Said policy encouraged police to

seize the cameras and other recording devices of residents and to detain residents without any reasonable suspicion of criminal activity.

Statement of Legal Issues:

(a)    Whether Defendants violated Ms. Anderson's right to freedom of speech under the First and Fourteenth Amendments of the United States Constitution and Article I, Section I, Paragraphs V and IX of the Georgia Constitution when they forcibly confiscated Ms. Anderson's camera and deleted images from the camera?

(b)    Whether Defendants violated Ms. Anderson's right to be free from unreasonable searches and seizures in violation of the Fourth Amendment of the United States Constitution and Article I, Section I, Paragraphs I, VII, and XIII of the Georgia Constitution when they searched Ms. Anderson and then arrested her on charges of no driver's license, pedestrian in a roadway, and disorderly conduct?

(c)    Whether Defendants violated Georgia statutory law as proscribed under O.C.G.A. §§ 16-5-23, -41, -42, 51-7-20, -22, -40, 51-10-1, -3?

(d)    Whether Plaintiff is entitled to compensatory and punitive damages as allowed by law?

(e)    Whether Plaintiff is entitled to reasonable attorneys fees and costs as a prevailing party?

(2) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiffs contend are applicable to this action.

Among the statutes and case law applicable to this action are the following:

**United States Constitution**

    First Amendment

    Fourth Amendment

    Fourteenth Amendment

**Constitution of the State of Georgia**

    Article I, Section I, Paragraph I (Life, liberty and property)

    Article I, Section I, Paragraph V (Freedom of speech and of the press guaranteed)

    Article I, Section I, Paragraph VII (Bail; fines; punishment; arrest, abuse of prisoners)

    Article I, Section 1, Paragraph IX (Right to assemble and petition)

    Article I, Section I, Paragraph XIII (Searches, seizures, and warrants)

**United States Code**

    42 U.S.C. § 1983

    42 U.S.C. § 1988

**Federal and State Case law**

    For illustrative recent case law, please see *City of Houston v. Hill*, 482 U.S. 451

(1987); *Glick v. Cunniffe*, No. 10-1764 (1st Cir. Aug. 26, 2011); *Reese v. Herbert*,

527 F.3d 1253 (11th Cir. 2008); *Childs v. Dekalb County*, No. 07-15028 (11th Cir.

Jul. 18, 2008) (per curiam); *Skop v. City of Atlanta*, 485 F.3d 1130 (11th Cir. 2007);

*Smith v. City of Cumming*, 212 F.3d 1332 (11th Cir. 2000); *Williamson v. Mills*, 65

F.3d 155 (11th Cir. 1995) (per curiam); *Williams v. State*, 305 Ga. App. 657 (2010).

**Georgia Statutes**

    O.C.G.A. § 16-5-23 (simple battery)

    O.C.G.A. § 16-5-41 (false imprisonment)

    O.C.G.A. §16-5-42 (false imprisonment under color of legal process)

    O.C.G.A. §§ 51-7-20, -22 (false imprisonment)

    O.C.G.A § 51-7-40 (malicious prosecution)

    O.C.G.A § 51-10-1 (deprivation of possession)

    O.C.G.A. § 51-10-3 (trespass)

(3) Provide the name, and if known, the address and telephone number of each

individual likely to have discoverable information that you may use to support your

claims or defenses, unless solely for impeachment, identifying the subjects of the

information.  (Attach witness list to Initial Disclosures as Attachment A.)

    See Attachment A.

(4) Provide the name of any person who may be used at trial to present evidence

under Rules 702, 703, or 705 of the Federal Rules of Evidence.  For all experts

described in Fed. R. Civ. P. 26(a)(2)(B), provide a separate written report satisfying the

provisions of that rule.  (Attach expert witness list and written reports to Responses to

Initial Disclosures as Attachment B.)

Plaintiffs have not made a determination as to expert witnesses.  This response

will be supplemented as necessary.

(5) Provide a copy of, or a description by category and location of, all documents,

data compilations, and tangible things in your possession, custody, or control that you

may use to support your claims or defenses unless solely for impeachment, identifying

the subjects of the information.  (Attach document list and descriptions to Initial

Disclosures as Attachment C.)

See Attachment C.

(6) In the space provided below, provide a computation of any category of damages

claimed by you.  In addition, include a copy of, or describe by category and location of,

the documents or other evidentiary material, not privileged or protected from disclosure,

on which such computation is based, including materials bearing on the nature and

extent of injuries suffered, making such documents or evidentiary material available for

inspection and copying as under Fed. R. Civ. P. 34.  (Attach any copies and descriptions

to Initial Disclosures as Attachment D.)

The categories of damages included within Plaintiff's complaint are the

following:

Nominal and modest compensatory damages against each Defendant;

Punitive damages to Plaintiff Anderson against Defendant Branum;
and

Attorneys' fees to Plaintiff in accordance with the Court's authority under
Georgia law and by virtue of 42 U.S.C. § 1988.

(7) Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance
agreement under which any person carrying on an insurance business may be liable to
satisfy part or all of a judgment which *may* be entered in this action or to indemnify or
reimburse for payments made to satisfy judgment.  (Attach copy of insurance agreement
to Initial Disclosures as Attachment E.)

Plaintiff is not in possession of any such insurance agreement at this time.  This
response will be supplemented as necessary.

(8) Disclose the full name, address, and telephone number of all persons or legal
entities who have a subrogation interest in the cause of action set forth in plaintiffs''
cause of action and state the basis and extent of such interest.

There is no known person or legal entity having a subrogation interest in the
cause of action set forth in Plaintiffs' cause of action.

Respectfully submitted this 2nd day of December, 2011.


/s Gerald Weber
Gerald Weber
(Georgia Bar No. 744878)

Southern Center for Human Rights
83 Poplar Street, N.W.
Atlanta, Georgia 30303
wgerryweber@gmail.com
(404) 688-1202

/s Albert Wan
Albert Wan
(Georgia Bar No. 334224)

Albert Wan, Attorney at Law
1201 Peachtree Street NE
400 Colony Square, Suite 200
Atlanta, GA 30361
albert@albertwanlaw.com
(404) 872-7760

/s Daniel J. Grossman
Daniel J. Grossman
(Georgia Bar No. 313815)

Law Office of Daniel J. Grossman
1579 Monroe Drive, Ste F-138
Atlanta, GA 30324
Dan@DanGrossmanLaw.com
(404) 654-0326

## ATTACHMENT "A" – ANDERSON WITNESSES

| | |
|---|---|
| George Turner | Interim Chief of the Atlanta Police Department |
| Richard Pennington | Former Chief of Atlanta Police Department |
| Sgt. Jeffrey A. Branum | Defendant |
| Inv. David Stribling | Atlanta Police Department officer |
| Inv. Peter Trotta | Atlanta Police Department officer |
| Sgt. Tony Jones | Atlanta Police Department officer |
| Inv. T. Diggs | Atlanta Police Department officer |
| Dontay | Witness to police assault on Mr. Tigner |
| Tiffany | Witness to police assault on Mr. Tigner |
| Exzavirous Tigner | Arrestee and victim of police assault |
| Consuelo Knighton | Wife of Mr. Exzavirous Tigner |
| Gail Tigner | Mother of Mr. Exzavirous Tigner |
| Travis Tigner | Brother and Co-Defendant of Exzavirous Tigner |
| Jeremy Ervin | Co-Defendant of Exzavirous Tigner |
| Rodney Guffie | Co-Defendant of Exzavirous Tigner |
| Jacquez Magsby | Co-Defendant of Exzavirous Tigner |
| Kanita McKenney | Associate of Ms. Gail Tigner |
| Johnny Wiggins | Plaintiff's neighbor |

| | |
|---|---|
| Carl Manuel | Plaintiff's neighbor |
| Emanuel Jester | Plaintiff's neighbor |

## ATTACHMENT "C" – ANDERSON DOCUMENTS

Citation issued to Ms. Anderson

Incident Report prepared by Defendant Branum

Video of Ms. Anderson's arrest

Photographs taken by Ms. Anderson of APD officers and Exzavirous Tigner

Defendant Branum's APD personnel file

911 recordings from 10/14/2009

Atlanta Citizen Review Board case file for complaint of excessive force made Mr. Exzavirous Tigner (ACRB case no. 09-37)

Audio recording of interviews conducted by ACRB with: Def. Branum, Inv. Stribling, Inv. Trotta, Sgt. T. Jones, Consuelo Knighton

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 2, 2011, I electronically filed the attached with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorney of record:

Tamara N. Baines
Attorney for Defendants Branum and City of Atlanta
City of Atlanta Department of Law
68 Mitchell Street
Atlanta, Georgia 30303

/s Albert Wan, Esq.
Albert Wan
(Georgia Bar No. 334224)

Albert Wan, Attorney at Law
1201 Peachtree Street NE
400 Colony Square, Suite 200
Atlanta, GA 30361
albert@albertwanlaw.com
(404) 872-7760